IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DEREK D. OVERBY, PRO SE, also known as DEREK DUANE OVERBY, TDCJ-CID No. 1585205,<br><br>Plaintiff,<br><br>v.<br><br>DAVID R. BASSE, MD; and SUZZANNE V. PAUL-TENORIO, NP,<br><br>Defendants. | 2:12-CV-0054 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DEREK D. OVERBY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff asserts a claim of deliberate indifference to his serious medical needs by the two defendants.

Plaintiff alleges he fell and injured his right shoulder on March 3, 2010. He says he saw a nurse in the infirmary and was given Ibuprofen. Plaintiff alleges that, in the months that followed, he continued to experience pain and to complain, prompting defendant PAUL-TENORIO to give him more medication and a zipper shirt instead of a pull-on shirt. Plaintiff says eight months later a Nurse Rodriguez took the zipper shirt from him, leaving him in pain whenever he dressed and undressed. Plaintiff states defendant PAUL-TENORIO then began removing his medical restrictions one at a time until he was forced to go back to work despite

being in severe pain. Plaintiff alleges requested a second opinion and was seen by defendant Dr. BASSE noticed plaintiff was in great pain whenever he moved his arm and still decided defendant PAUL-TENORIO was correct and there as "nothing really wrong with [plaintiff]."

Plaintiff complains his request for an M.R.I. was denied.

Plaintiff says he continues to receive a prescription for pain pills and some of his restrictions have been renewed.

Plaintiff requests the Court issue an injunction requiring defendants "to properly diagnose and treat the injury to plaintiff's right shoulder and put him on the list for an M.R.I. and surgery if needed." Plaintiff also requests an award of compensatory and punitive damages, as well as costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.

---

[2]*Cf.*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff attached a portion of his medical records to his complaint. Review of such records, Exhibit 12, at the third page, shows plaintiff's November 10, 2010 visit with defendant PAUL-TENORIO[3]. Defendant PAUL-TENORIO noted plaintiff was scheduled for various complaints, including that of a painful shoulder, but could not attend because of a shakedown. She further noted plaintiff had previously suffered a "mild right AC joint separation" and diagnosed his pain as "Chronic, Rt. Shoulder Pain secondary to AC Joint Separation." She ordered an IOC[4] sent to plaintiff "advising him that he will continue to have right shoulder pain due to his chronic AC joint separation, which will probably be worse in the colder weather" and advised that he continue taking Naproxen.

Plaintiff has also included in Exhibit 12, an August 9, 2011 clinic note by defendant PAUL-TENORIO noting plaintiff's July 26, 2010 diagnosis of a "Rt. Shoulder 3V: Findings suggestive of mild right AC joint separation. She noted plaintiff continued to suffer right shoulder pain and recommended that he continue to take Naproxen. Plaintiff has not provided any records showing his visit(s) with Dr. Basse.

Review of the records set forth above and consideration of plaintiff's allegations of fact shows plaintiff received medical care right after the incident and has received continuing follow-

---

[3]Plaintiff's medical records show this defendant's name is "TENORIO-PAUL", not "PAUL-TENORIO" as plaintiff has stated. For purposes of consistency, the Court will continue to refer to this defendant as "PAUL-TENORIO."

[4]An IOC is a written communication between staff and prisoners by which inmates can make requests and staff can respond or provide other information.

up care since that time. Plaintiff has been diagnosed with an AC joint separation which was initially managed with Naproxen and rest, then with recommendations for exercises. Plaintiff was referred to defendant Dr. BASSE for a second opinion. Doctor BASSE examined plaintiff and agreed with Nurse Practitioner PAUL-TENORIO. As to his work assignment, plaintiff was medically unassigned from February 2010 to April 22, 2011. Plaintiff states he is presently given a pass to exempt him from having to tuck his shirt in and from being handcuffed behind his back. Further, he is still being prescribed pain pills and some of his restrictions have been renewed. While plaintiff feels he needs an M.R.I. and more aggressive treatment, plaintiff's contention that additional diagnostic measures or a different method of treatment should be utilized does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). At best, plaintiff's factual allegations might support a claim of medical negligence, if even that; however, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff DEREK D. OVERBY be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the 11 day of May, 2012.

MARY LOU ROBINSON
United States District Judge